UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY MATHIS,

       Plaintiff,

vs.

Case No. 08-CV-12838
HON. GEORGE CARAM STEEH

ENCOMPASS INSURANCE COMPANY,

       Defendant.

_____/

<u>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND (#4)</u>

Plaintiff Gregory Mathis moves to remand this matter to Michigan's Genesee County Circuit Court for lack of the $75,000.00 amount in controversy requirement for diversity jurisdiction under 28 U.S.C. § 1332(a)(1). Oral argument would not significantly aid the decisional process. Pursuant to E.D. Mich. Local R. 7.1(e)(2), it is ORDERED that the motion be resolved without oral argument.

Mathis filed a complaint in Genesee County Circuit Court on May 23, 2008 alleging defendant Encompass Insurance Company is liable for the payment of no-fault Personal Protection Insurance (PIP) benefits as the result of injuries Mathis sustained in an August 25, 2005 motor vehicle accident. Encompass removed the action to federal court on July 2, 2008 invoking federal diversity jurisdiction under 28 U.S.C. § 1332. The matter was initially assigned to District Judge Paul Gadola. On August 27, 2008, the case was reassigned to this court as a companion case to <u>Mathis v. Encompass Ins. Co.</u>, 06-13837 (E.D. Mich. 2006). Encompass filed a response on August 18, 2008. Mathis has not filed a reply brief.

Mathis seeks recovery of PIP benefits under M.C.L. § 500.3107 of Michigan's No-

Fault Act, which includes benefits payable for all reasonable medical and attendant care expenses incurred as a result of a motor vehicle accident, work loss for a period of three years, and replacement services incurred for a period of three years at a rate not exceeding $20.00 per day. Encompass paid Mathis PIP benefits until suspending the payments on August 22, 2007.

In moving to remand, Mathis argues it is beyond dispute that he can recover only a maximum of $27,120.00 in wage loss benefits, and $7,360.00 in replacement services benefits, for a total of $34,480.00. Mathis continues that, at this time, there are no outstanding unpaid medical bills and he has not been prescribed attendant care services. Mathis contends that, although he may incur additional medical and attendant care expenses in the future for knee replacement or other surgeries, the $75,000.00 jurisdictional requirement is determined at the time of removal, and he is not currently seeking such benefits. Mathis continues that statutory attorney fees are not required to be considered in calculating the amount in controversy, and even if they are, it is "very unlikely" they would exceed $40,000.00. At best, Mathis contends the amount in controversy at the time of removal was $74,480.00.

Encompass responds that, in light of Mathis's medical records and the record evidence in companion case No. 06-13837 involving a contract claim for noneconomic damages, Encompass anticipates Mathis will continue making PIP benefit claims in the future for medical expenses, attendant care and household services, and wage loss. Encompass notes that, despite Mathis's representation that he is not currently seeking recovery of medical expenses or attendant care services, Mathis alleges in his complaint that he has "incurred medical expenses, lost earnings and other expenses which the Defendant is obligated to pay." Complaint, ¶ 8, at 2. Encompass proffers the deposition testimony of Mathis and Mathis's orthopedic surgeon Dr. James Heming to support its

argument that Mathis will continue to incur compensable expenses into the future. Encompass argues the court must also consider Mathis's claims for simple 12% interest per annum under M.C.L. § 500.3142 and reasonable attorney fees under M.C.L. § 500.3148 in determining the amount in controversy. See Complaint, ¶ 6, at 2, ¶ 13(A).

To invoke removal jurisdiction, the defendant has the burden of demonstrating that the court has original subject matter jurisdiction. Long v. Bando Mfg. of America, Inc., 201 F.3d 754, 757 (6th Cir. 2000). Where removal is based on the court's original diversity jurisdiction under 28 U.S.C. § 1332(a), the defendant must prove that it is "more likely than not," or by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00. Gafford v. General Electric Co., 997 F.2d 150, 158 (6th Cir. 1993); 28 U.S.C. § 1332(a)(1). "The district court must resolve 'all disputed questions of fact and ambiguities in the controlling . . . state law in favor of the non removing party.'" Coyne v. American Tobacco Co., 183 F.3d 488, 493 (6th Cir. 1999) (quoting Alexander v. Electronic Data Sys. Corp., 13 F.3d 940, 949 (6th Cir. 1994)).

The determination of the amount in controversy is made at the time of removal. Rogers v. Wal-Mart Stores, Inc., 230 F.3d 868, 871 (6th Cir. 2000). The amount in controversy is viewed "from the perspective of the plaintiff, with a focus on the economic value of the rights he seeks to protect." Williamson v. Aetna Life Ins. Co., 481 F.3d 369, 376 (6th Cir. 2007) (quoting Buckeye Recyclers v. CHEP USA, 228 F.Supp.2d. 818, 821 (S.D. Ohio 2002)). Although Encompass has demonstrated by the deposition testimony of Mathis and Dr. Heming that it is more likely than not that Mathis will incur compensable medical and attendant care expenses in the future given the probability of additional surgeries, Encompass has not shown that Mathis, at the time of removal or currently, is seeking to recover such medical and attendant care services in this lawsuit. Mathis is not *now* seeking to protect his right to recover PIP benefits for medical procedures that will

likely be performed *in the future.* Williamson, 481 F.3d at 376.  The court agrees with Encompass's assessment that "[c]ertainly, in the event Plaintiff undergoes additional surgical procedures, specifically a knee replacement, as recommended by his treating physicians, he will require attendant care[.]" Defendant's August 18, 2008 Response Brief, at 9.  In the absence of that event, however, Encompass is not obligated to pay Mathis PIP benefits for expenses arising from the event, and those benefits are not currently in controversy.  Construed from Mathis's perspective at the time this matter was removed from state court,  the court finds that Encompass has not shown by a preponderance of the evidence that the amount in controversy in this case includes medical expenses, attendant care services, household services, and wage losses Encompass anticipates Mathis will incur in the future.  Gafford, 997 F.2d at 158; Rogers, 230 F.3d at 871; Williamson, 481 F.3d at 376.

Mathis otherwise concedes that the amount in controversy includes a maximum of $34,480.00 in PIP benefits.  Statutory interest and attorney fees may be considered in determining the amount in controversy if a statute expressly allows for such recovery. Williamson, 481 F.3d at 376 (quoting Clark v. Nat. Travelers Life Ins. Co., 518 F.2d 1167, 1168 (6th Cir. 1975)).  Under M.C.L. § 500.3142, an insurer may recover 12% penalty interest per annum on proving that the no-fault insured failed to pay a claim for benefits within 30 days of proof of loss.  Regents of the University of Michigan v. State Farm Mutual Ins. Co., 250 Mich. App. 719, 736, 650 N.W.2d 129 (2002).  Mathis expressly seeks penalty interest in his complaint.  12% simple interest per annum on $34,480.00 equals $4,137.60 per year.  PIP benefits were suspended on August 22, 2007, and this action was removed to federal court a little more than 10 months later on July 2, 2008.  Applying one year of statutory interest at the time of removal, the amount in controversy with respect to contested PIP benefits and interest is $37,928.00.   Applying two years of interest yields

4

$42,065.60.

Under M.C.L. § 500.3148(1), an insured may recover reasonable attorney fees from a no-fault insurer on proving that the insurer unreasonably refused or delayed in paying a claim. Mathis expressly seeks recovery of attorney fees in his complaint. Assuming $37,928.00 is the amount in controversy with respect to PIP benefits and interest, the amount in controversy with respect to statutory attorney fees would need to be approximately $37,000.00. Expressed in hours at a rate of $150.00 per hour, Mathis's Counsel would need to expend roughly 250 hours of attorney time to recover $37,000.00 in statutory attorney fees. Assuming $42,065.60 is the amount in controversy with respect to PIP benefits and interest, the amount in controversy with respect to statutory attorney fees would need to be approximately $33,000.00. Expressed in hours at a rate of $150.00 per hour, Mathis's Counsel would need to expend roughly 220 hours of attorney time to recover $37,000.00 in statutory attorney fees.

Resolving all disputed facts and legal ambiguities in favor of Mathis, Encompass has failed to meet its burden of demonstrating it is more likely than not that the amount in controversy at the time of removal, including Mathis's claims for statutory interest and attorney fees, exceeded the sum of $75,000.00. Coyne, 183 F.3d at 493; Gafford, 997 F.2d at 158. The court's attempt at establishing the amount in controversy with respect to statutory interest and attorney fees is too speculative to warrant removal on a finding that over $40,520.00 in interest and attorney fees were at issue at the time of removal. While the court may consider statutory interest and attorney fees in determining the amount in controversy, the court declines to do so here under the facts and circumstances of this case. Unlike the situation before this court in Herring v. State Farm, 05-73556 (E.D. Mich. 2005) in which the insured sought continuing PIP benefits and sought a declaratory judgment for all future damages, Mathis's undisputed claim for maximum PIP benefits of

$37,928.00, coupled with necessarily unspecified claims for statutory interest and attorney fees, does not demonstrate that original diversity jurisdiction existed at the time this action was removed. Long, 201 F.3d at 757. Accordingly,

Plaintiff Mathis's motion to remand is hereby GRANTED. This matter is hereby REMANDED to Michigan's Genesee County Circuit Court. Mathis's request for an award of costs and fees is hereby DENIED on a finding that Encompass had an objectively reasonable basis for seeking removal.

SO ORDERED.

Dated: September 15, 2008

                                        s/George Caram Steeh
                                        GEORGE CARAM STEEH
                                        UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 15, 2008, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk